IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MYRA D. GAMMON, an Individual, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | Magistrate Judge: |
| | ) | |
| ELI LILLY AND COMPANY, an Indiana Corporation, | ) | **Trial By Jury Demanded** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

COMES NOW the Plaintiff, through her attorney Michael J. Merrick and Merrick Law Firm LLC, and for her complaint against Defendant states as follows:

**Nature of the Action**

1. Defendant wrongfully terminated Plaintiff's employment pursuant to its "medical reassignment" policy, pattern or practice (hereinafter "policy") days before she was scheduled to return to work from medical leave for treatment for her disability. She asserts claims herein under the Americans With Disabilities Act, as amended by the Americans With Disabilities Act Amendments Act of 2008, and the Family and Medical Leave Act, seeking a declaratory judgment that Defendant's medical reassignment policy is unlawful on its face and as applied to Plaintiff, an injunction against enforcement of the policy, damages and other relief.

**Jurisdiction & Venue**

2. Subject matter jurisdiction is premised on the federal question jurisdiction, 28 U.S.C. § 1331, as Plaintiff's claims under the Americans with Disabilities Act, as amended by the Americans With Disabilities Act Amendments Act of 2008, 42 U.S.C. §§12101 *et seq*.

("ADA"), and the Family and Medical Leave Act, 29 U.S.C. §§2612-2615 ("FMLA"), arise under federal law.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2002e-5(f)(3) as Defendant has employees and does business in this judicial district, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and Plaintiff would have remained employed in this judicial district but for the unlawful employment practices alleged herein.

## Parties

4. Plaintiff Myra D. Gammon is a citizen of the United States and resident of Chicago, Illinois. At all relevant times herein, she was employed by Defendant as a Senior Sales Representative working in Chicago, Illinois.

5. Defendant Eli Lilly and Company is an Indiana corporation doing business in Chicago, Illinois, as a registered foreign corporation.

## Common Allegations

6. Plaintiff commenced employment with Defendant in May 2002, and most recently worked as a Senior Sales Representative. At all relevant times she met or exceeded Defendant's legitimate performance expectations.

7. Plaintiff has been diagnosed with, and has received medical treatments for, Anxiety Disorder and Attention Deficit Disorder, both of which are disabilities under the ADA.

8. Beginning in or about May 2009, Plaintiff took approved FMLA leaves of absence to receive medical treatments for her disabilities.

2

9. In or about August 2009, Plaintiff complained to Defendant that she was being discriminated against because of her disabilities with respect to the product training and testing she received during her attempts to return to work from medical leave.

10. While on medical leave in September 2009, Plaintiff learned from a coworker that Plaintiff's position had been posted internally.

11. Plaintiff called her supervisor who told Plaintiff that her position had been posted pursuant to human resources protocol but if it remained open when Plaintiff returned from medical leave she could "walk back into it."

12. On or about September 29, 2009, Plaintiff notified Defendant's human resources department that she had a medical release to return to work on October 12, 2009.

13. On or about September 29, 2009, Plaintiff also notified her supervisor of her October 12, 2009, return to work date.

14. On or about October 1, 2009, Plaintiff spoke with her supervisor and reminded her that she had been released to return to work on October 12, 2009. Plaintiff's supervisor told her that there had been no serious candidates for her position and indicated that Plaintiff would be able to return to her position on October 12, 2009.

15. On or about October 9, 2009, Plaintiff's supervisor told her that "due to a business need" Defendant had to replace her. She explained to Plaintiff that Defendant was not sure she would really return to work as scheduled on October 12, 2009.

16. Defendant took into account Plaintiff's prior medical leaves in deciding to replace her.

17. Defendant had hired Plaintiff's replacement on or about October 8, 2009.

18. Prior to commencing work, Plaintiff's replacement had to attend approximately six weeks of training.

19. Plaintiff was prepared to return to work immediately on October 12, 2009.

20. Instead, on or about October 12, 2009, Defendant notified Plaintiff that since her position was no longer protected by the FMLA because she had exceeded 12 weeks of leave, she had been placed on "medical reassignment."

21. Defendant further notified Plaintiff that she would have 16 weeks to seek a new position within the company, and that if she were unable to secure a new position within 16 weeks her employment would be terminated.

22. During the ensuing 16 weeks, Plaintiff located three sales representative positions in the Chicago area for which she was well-qualified: a Musculoskeletal Neuroscience position, a Neuroscience Psychiatric position, and a Companion Animal Health Field position.

23. Plaintiff applied for all three positions, and was interviewed for two of them.

24. Defendant did not reassign Plaintiff into any of the three positions but instead hired other candidates.

25. On or about February 3, 2010, Defendant terminated Plaintiff's employment for the stated reason that she had not secured a new position for herself within the 16-week medical reassignment period.

## COUNT I

### ADA FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

26. At all relevant times, Plaintiff was a qualified individual with a disability under the ADA.

27. Defendant failed to provide Plaintiff with a reasonable accommodation that would have allowed her to keep her job including, but not limited to, holding her position open for her until she returned from medical leave, providing an extension of her medical leave, or reassigning her to another vacant position for which she was qualified.

28. Defendant's inflexible medical reassignment policy, with its arbitrary 16-week deadline, does not provide for the reasonable accommodation of employees with disabilities, including Plaintiff, but instead provides for termination of their employment in violation of the ADA.

29. Defendant's inflexible medical reassignment policy, which requires disabled employees to compete for vacant positions with all the world and allows Defendant to hire whomever it deems to be the "best qualified" candidates, does not provide for the reasonable accommodation of employees with disabilities, including Plaintiff, but instead provides for termination of their employment in violation of the ADA.

30. Defendant's inflexible medical reassignment policy is also in violation of the ADA because it does not provide for engagement in the interactive process to discuss reasonable accommodations with disabled employees, such as Plaintiff, who are about to return from medical leaves of absence.

31. Defendant's inflexible medical reassignment policy also effectively acts as a qualification standard, employment test, and/or other selection criteria that screens out or tends to screen out a class of individuals with a disability, including Plaintiff, and is not job-related or consistent with a business necessity.

32. Providing Plaintiff with a reasonable accommodation and allowing her to return to her position would not have posed an undue hardship to Defendant.

33. Defendant acted with malice and reckless indifference to Plaintiff's federally-protected rights.

34. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages.

35. Plaintiff timely filed a Charge of Discrimination under the ADA with the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff filed this action within 90 days of receiving her Notice of Right to Sue from the EEOC dated August 19, 2011, thereby exhausting her administrative remedies.

## II.

## ADA WRONGFUL TERMINATION

36. Plaintiff incorporates by reference paragraphs 1 through 35 as though fully set forth in this Count II.

37. Defendant's stated reason for terminating Plaintiff's employment is pretext to cover up unlawful disability discrimination.

38. Defendant violated the ADA by preventing her from returning to her position, failing to reassign her to a vacant position, and terminating her employment because she has a disability, has a record of having a disability, and/or Defendant regarded her as having a disability in violation of the ADA.

39. Defendant acted with malice and reckless indifference to Plaintiff's federally-protected rights.

40. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages.

## COUNT III

## ADA RETALIATION

41. Plaintiff incorporates by reference paragraphs 1 through 40 as though fully set forth in this Count III.

42. Defendant retaliated against Plaintiff for complaining about disability discrimination by harassing her, preventing her from returning to her position, failing to reassign her to a vacant position, and terminating her employment in violation of the ADA.

43. Defendant acted with malice and reckless indifference to Plaintiff's federally-protected rights.

44. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages.

## COUNT IV

## FMLA DISCRIMINATION/RETALIATION

45. Plaintiff incorporates by reference paragraphs 1 through 44 as though fully set forth in this Count IV.

46. Defendant is a covered employer under the FMLA.

47. Plaintiff was an eligible employee under the FMLA.

48. Plaintiff suffered from a serious health condition for purposes of the FMLA.

49. Defendant approved Plaintiff's requests for FMLA leave in 2009.

50. At different times between May and October 2009, Plaintiff exercised her rights under the FMLA and took medical leaves of absence.

51. Defendant's inflexible medical reassignment policy effectively punishes employees like Plaintiff who exercise their statutory right to 12 weeks of annual FMLA leave.

52. Defendant willfully discriminated and retaliated against Plaintiff by engaging in the unlawful misconduct described herein because Plaintiff had exercised her rights under the FMLA.

53. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff respectfully prays for judgment in her favor and against Defendant for the following make-whole relief:

A. A declaratory judgment pursuant to 28 U.S.C. §§2201-2202 and Federal Rule of Civil Procedure 57 that Defendant's medical reassignment policy is facially unlawful and unlawful as applied to Plaintiff under the ADA, as amended, and/or the FMLA;

B. Preliminary and permanent injunctions enjoining Defendant from applying or enforcing its medical reassignment policy against Plaintiff or other employees and enjoining Defendant from otherwise discriminating or retaliating against Plaintiff or other disabled employees or job applicants;

C. Lost wages and benefits in an amount to be proven at trial;

D. Compensatory damages in an amount to be proven at trial;

E. Liquidated damages;

F. Punitive damages;

G. Pre-judgment interest;

H. Other equitable relief including back pay, reinstatement and/or front pay;

I. Plaintiff's reasonable attorneys' fees and costs incurred herein; and

J. For such further relief that the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues herein.

                                      MYRA D. GAMMON

November 17, 2011                  By: /s/ Michael J. Merrick
                                               Attorney For Plaintiff

Michael J. Merrick
Merrick Law Firm LLC
150 North Michigan Ave., Suite 800
Chicago, Illinois 60601
Tel (312) 269-0200
Fax (312) 269-0800
merrick@merricklawfirm.com
Attorney No. 6229849